JOHN W. GILBERT *v.* HENRY S. DESHON, Appellant, MARGARET G. WESTERFIELD, Respondent, et al.

Defendant M., a married woman, executed to defendant D. a deed of her interest in certain real estate, which deed she delivered to her husband to be delivered to D. to enable him to borrow money thereon to pay taxes on certain real estate belonging to the husband, amounting to $700. The deed was in fact delivered to D. by the husband as security for the payment of other incumbrances upon the property of the latter as well as the taxes. The amount advanced by D. for the taxes was fully reimbursed to him. *Held*, that as D. knew when he accepted the deed that it was put into the hands of the husband to be delivered, not as an absolute conveyance, but as collateral security for some liability of the husband which the wife contracted to guarantee, it was his duty to ascertain what that liability was, and he could not change the conditions imposed by the grantor, or add to them others agreed upon between him and the husband, as the latter had no apparent authority except that of special agent, and so his power was limited by the instructions of his principal.

In such case the rule that an agent having apparent ownership or authority conferred by the act of his principal, and dealing with an innocent third person, shall be deemed, as against the principal, to be the owner or to have the apparent authority, has no application.

(Argued October 12, 1887; decided November 29, 1887.)

Appeal by defendant Deshon from a judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 27, 1885, which affirmed a judgment against said appellant and in favor

of defendant, Margaret G. Westerfield, entered upon a decision of the court on trial at Special Term.

This was an action for partition.

The property was sold, and one-third of the net proceeds, which was claimed by each of said defendants, was paid into court, subject to further order or judgment. It was found, in substance, that Margaret G. Westerfield formerly held the legal title to one-third of the premises. Deshon held a mortgage upon certain real estate owned by Mr. Westerfield, the husband of Margaret. There were unpaid taxes to the amount of $700 upon said real estate and Mrs. Westerfield executed to Deshon a deed of her interest which she delivered to her husband to be delivered to Deshon to be used as security to raise money to pay off said taxes. It was claimed by Deshon that the deed was, in fact, delivered to him not only to raise a sufficient sum by using it as collateral security to pay the taxes, but also to pay a mortgage upon the property of Mr. Westerfield prior to that held by Deshon; the latter paid the taxes and the prior mortgage. The court found that Mr. Westerfield had no general authority to act as his wife's agent, and no authority to use the deed for any other purpose than as security for the taxes, and that Mrs. Westerfield had no knowledge of the agreement so claimed to have been made by her husband until after the commencement of the action. It was also found that Deshon, by and with the consent of Mrs. Westerfield, received and collected from her share of the rents of said property a sum equal to or exceeding the amount to secure which the deed was executed and delivered by her, and thereupon the trial court found and adjudged that Mrs. Westerfield was entitled to the fund in question.

*Nathaniel C. Moak* for appellant. Whatever may be the actual intent of a party to a transaction, if he so acts as to lead a reasonable person to believe that he understands and assents to its terms, and the other party so believing acts accordingly, the former is estopped from asserting that he did

not so understand and assent; and he is bound by the action taken. (*Peake* v. *Thomas*, 39 Mich. 584.) An assignee from an agent of the owner takes, as against the owner, when the agent is vested with apparent control, and the assignee is a bona fide purchaser for value without notice. (*Hazewell* v. *Coursen*, 45 N. Y. Super. Ct. 22; *McNeil* v. *Tenth Nat. B'k*, 46 N. Y. 325; *Gilbert* v. *Groff*, 28 Hun, 50, 51; *Bodine* v. *Killeen*, 53 N. Y. 93; *Lavassar* v. *Washburn*, 50 Wis. 200; *Frank* v. *Lillienfield*, 33 Gratt. 377; *Spaulding* v. *Drew*, 55 Vt. 253, 256, 258; 2 Herman on Estop. [ed. 1886) § 1110; *Simpson* v. *B'k of Com.*, 26 N. Y. W. Dig. 9; *Com. B'k* v. *Kortright*, 22 Wend. 348; *Moore* v. *Met. Nat. B'k*, 55 N. Y. 41; *Simpson* v. *Delhoyo*, 94 id. 189; 44 id. 371; 4 Abb. App. Dec. 253; 9 Paige, 315, 318; 1 Johns. Ch., 212; 13 Mass. 105; *Combes* v. *Chandler*, 33 O. St. 178; *Winter* v. *Belmont*, 53 Cal. 428; *Burton's App.* 93 Penn. St., 214; *Walker* v. *Detroit*, 47 Mich. 338; *Clarke* v. *Roberts*, 25 Hun, 86.) As Deshon having taken the deed to secure the indebtedness to himself, and pursuant to the terms under which he took it, expended large sums of money it was valid. (*McLaren* v. *Percival*, 102 N. Y. 675; 5 East. R. 83; 19 N. Y. W. Dig. 171.) It is no answer to the position that Mrs. Westerfield did not intend her husband should make the arrangement he did, or even that he deceived her so long as Deshon had no part in such deception. (*Peake* v. *Thomas*, 39 Mich. 584; *Western, etc.* v. *Clinton*, 66 N. Y. 326; *Wheaton* v. *Fay*, 62 id. 275; *Howe M. Co.* v. *Farrington*, 82 id. 121, 126, 128; 16 Hun, 591; *Coleman* v. *Bean*, 1 Abb. App. Dec. 394; *Quinn* v. *Hard*, 43 Vt. 375; *Wendisch* v. *Klaus*, 46 Conn. 433; *Laidlaw* v. *Slayback*, 23 N. Y. W. Dig. 259; 38 Hun, 644.) The law casts no duty upon a purchaser to ascertain if the trusted executor of a decedent's will is managing the estate in fraud of creditors or legatees. (Wood's App. 92 Penn. St., 379.) The alleged trust was invalid and could not be proved by oral testimony. (2 R. S. 134 [Edm. ed.] 139, § 6; *Sturtevant* v. *Sturtevant*, 20 N. Y. 39; *Cook* v. *Barr*, 44 id. 156; *Hurst* v. *Harper*, 14 Hun,

280; 1 Greenl. on Ev., § 268; *Leman* v. *Whitely*, 4 Russ. 423.) To borrow moneys on credit of the lands conveyed to Deshon was clearly not one of the trusts authorized by law. (*Dillaye* v. *Greenough*, 45 N. Y. 444; *Wheeler* v. *Reynolds*, 66 id. 228, 234, 236; *Cook* v. *Eaton*, 16 Barb. 139; *Taylor* v. *Baldwin*, 10 id. 582.)

*William H. Secor* for respondent. The deed in question having been furnished by respondent and received by appellant for a limited use, and as a security only, will be held to be an equitable mortgage to that extent, and the statute abolishing resulting trusts does not apply. (*Carr* v. *Carr*, 52 N. Y. 251.)

FINCH, J. We are unable to see that upon the facts of this case as settled by the findings of the trial court there is any room for the application of the doctrine invoked in behalf of the appellant. That an agent dealing with innocent third persons, having an apparent ownership or authority conferred by the act of the principal, shall be deemed to be owner or possess the requisite authority as against the principal in behalf of such third persons, whatever the truth may be, is a settled and just rule, but does not apply to the case at bar. Mrs. Wester-field did not confer upon her husband the *indicia* of owner-ship. The title to her land never went to him or passed through him. On the contrary her deed, in his possession, showed that she was conveying to Deshon herself upon some contract between grantor and grantee. Her husband in possession of a deed running to Deshon stood, both in appearance and in fact, as her agent to deliver it upon her terms and in accordance with her directions, for he knew that some terms and conditions were imposed by the grantor to qualify the delivery. He knew that the deed was not to be delivered and that the agent was not authorized to deliver it as the absolute conveyance which it appeared to be on its face, but only as collateral security for some liability of the husband which the wife con-tracted to guarantee. What that liability was it was the duty of the grantee to ascertain. The grantor had given to the

husband no authority to agree as to what it should be, and by no act or representation had held him out as possessing any such authority. The husband was not her general agent and Deshon was dealing with a special agent whose authority he perfectly understood was not measured by the terms of the deed, but by the agreement of the grantor pursuant to which the delivery was to be made. He knew that the deed was not what it seemed but was to be given and accepted as an equitable mortgage. The conditions of that mortgage upon which it had been executed and entrusted to the husband for delivery the grantee was bound to correctly ascertain and could not substitute for them different conditions agreed upon by the husband alone. The wife's act did not import such an authority, and the grantee accepting the deed from the husband could not change the conditions upon which it was entrusted to him for delivery or safely assume that he was authorized to determine what they should be. The facts found show that the grantor executed and delivered the deed as an equitable mortgage to secure the payment of $700 of taxes on her husband's lands. They further show that she fully reimbursed that sum to Deshon by a transfer of her rents which he collected to that amount, and so, the condition of the mortgage having been fulfilled, Deshon had left neither title to nor lien upon the property the proceeds of which have been ordered to be paid over to Mrs. Westerfield.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.