ASA W. PARKER, Respondent, *v.* THERESA B. COLLINS et al., Appellants.

A married woman presumptively is not chargeable with any arrangement made by her husband in her absence, in respect to the purpose for which a mortgage upon her separate real estate is given, other than such as is imported by its terms, although the husband has the mortgage in his possession and delivers it to the mortgagee.

In an action to foreclose a mortgage executed by defendant C., a married woman, which by its terms was to secure the payment of a sum stated according to the accompanying bond, it appeared that C. executed the mortgage to raise funds to enable her to proceed in the erection of houses upon the mortgaged premises. J. the mortgagor's husband had charge

of the work and had purchased materials therefor of the firm of H. & D. on his wife's behalf. The mortgage after its execution, was given to J. to deliver to the mortgagee. The referee found that at the time the mortgage was drawn it was agreed between J. and said firm in the presence of plaintiff, the mortgagee, that there was due the firm $5,000 and that relying upon such agreement plaintiff purchased the claim, paying the amount so fixed, and took an assignment thereof, J. agreeing as agent for his wife that said sum should be a part of the sum secured by and included in the mortgage. The referee also found there was due H. & D. at the time of said arrangement only $3,920.76. *Held,* that it was not within the scope of J.'s authority as his wife's agent to adjust the amount due H. & D. for the purposes of an assignment of their claim to plaintiff and so his wife was not estopped from questioning the actual amount due, and the adjustment was subject to review and correction; that plaintiff having advanced the money, not to pay the debt, but to obtain an assignment of it, stood in the same relation to her as did his assignors before the assignment.

(Argued April 21, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made June 28, 1889, which affirmed a judgment of the County Court of Kings county in favor of the plaintiff, entered upon the report of a referee.

*Horace Graves* for appellants. The property could not be bound in the way described to the payment of the alleged indebtedness to Hobby & Doody. (*Sawyer* v. *Wayne,* 6 N. Y. S. R. 745; *Williams* v. *Gillies,* 75 N. Y. 197; *Ritch* v. *Smith,* 82 id. 627; *Bickford* v. *Menier,* 107 id. 490; 32 Penn. St. 493; 27 Ind. 309.) The possession of the mortgage by Mr. Collins, did not raise a presumption that Mrs. Collins had ratified the alleged agreement. (*Carver* v. *Wilson,* 47 N. Y. 673; *Smith* v. *Fellows,* 9 J. & S. 49; *Bank of Albion* v. *Burns,* 46 N. Y. 470; *Taylor* v. *Hoey,* 4 J. & S. 406; *Harrison* v. *Burlingame,* 48 Hun, 312.) If Mrs. Collins owed anything to Hobby & Doody, the debt was not more that $2,988.51. The land could not be bound for a greater sum than she actually owed. (*Matthews* v. *Coe,* 49 N. Y. 57; *Deering* v. *Starr,* 27 N. Y. S. R. 961.)

*E. G. Nelson* for respondent. The evidence clearly shows that Mr. Collins had the power and authority to adjust this indebtedness of Theresa B. Collins to the firm of Hobby & Doody, and to stipulate to secure the payment of the same in the manner and as the same was done in this case. (Story on Agency, §§ 58–97, 101, 106.) Whether Mr. Collins had the authority or not to bind the real estate of Mrs. Collins is immaterial. (*Worrell* v. *Munn*, 5 N. Y. 229.) As respects third persons, the act of an agent, though in abuse or excess of his authority, if within the general scope of the business he was employed to transact, is binding upon his principal. (*E. N. Y. & J. R. R. Co.* v. *Lightall*, 6 Robt. 407; 36 Hun, 481; 5 Abb. [N. S.] 458.)

BRADLEY, J. The action was brought to foreclose a mortgage made by the defendants Collins to the plaintiff to secure by its terms the payment on demand of twenty-two thousand dollars according to the condition of a bond made by the mortgagors of date April 13, 1888. The purpose of the mortgage was to raise money to enable the defendant Theresa B. Collins, to proceed in the erection of houses upon the mortgaged premises of which she had the title. The plaintiff advanced to the defendant only three hundred and fifty dollars in money. Mrs. Collins afterwards conveyed the premises to the defendant Tilney. The plaintiff claimed and the referee found that the amount of the principal sum secured by and due on the mortgage was five thousand three hundred and fifty dollars, and the controversy relates to the claim of the five thousand dollars. The defendant, Jeremiah J. Collins, was the husband of Theresa, and as her agent, had charge of the work of construction on these and other premises of houses, which had, at the time the mortgage was made, progressed to considerable extent, and for that purpose he had on her behalf purchased materials from Hobby & Doody. The evidence on the part of the plaintiff tended to prove that at the time the mortgage was prepared at the office of the plaintiff the amount then due from Mrs. Collins to them was agreed upon between her

husband and Mr. Doody as five thousand dollars, and it was then understood it should be paid by the plaintiff or an assignment of it taken by him from Hobby & Doody, and that such sum should be a part of the amount secured by the mortgage. This was contradicted by the evidence of the husband, and the referee found that on the thirteenth day of April, in the presence of the plaintiff, it was mutually agreed between the defendant Jeremiah J. Collins, as the agent of his wife, and Doody that there were due his firm of Hobby & Doody from the wife five thousand dollars; that the plaintiff, relying upon such agreement, purchased from that firm their claim against her and paid them therefor five thousand dollars; that on that day it was agreed between the plaintiff and Mr. Collins, as agent for his wife, that the plaintiff should make to her a loan of $22,000 to be secured by her bond and a mortgage upon the premises, the amount to be advanced as the buildings progressed, except as to the five thousand dollars assigned to the plaintiff by Hobby & Doody, which should be part of and included in the consideration of the bond and mortgage; and that pursuant to such agreement the bond and mortgage were on that day prepared. They were on the same day executed by the defendants Collins and delivered to the plaintiff. The defendant, Mrs. Collins, was not personally present at the time such agreements were made, and so far as appears had no knowledge of them at the time she executed the mortgage. And presumptively she was not chargeable with any arrangement made by her husband in respect to the purpose for which the mortgage was given other than such as was imported by its terms. (*Gilbert* v. *Deshon,* 107 N. Y. 324; *Craver* v. *Willson,* 14 Abb. [N. S.] 374; 47 N. Y. 673; *Bank of Albion* v. *Burns,* 46 id. 170; *Smith* v. *Fellows,* 9 J. & S. 36.)

The mortgage purported to have been given to secure the payment of a sum certain which Mrs. Collins had by the bond undertaken to pay the plaintiff. And the husband without some authority from her to do so, could not by having the possession of the mortgage and delivering it, charge by it her

premises with anything other than her debt. She testified on the subject that she signed the mortgage with the understanding that the money secured by it, amounting to $22,000, was to be drawn as required to finish the buildings. That evidently was substantially the purpose of the mortgage, and it was intended to secure whatever up to such sum should be advanced on that account by the plaintiff. The husband was the agent of the wife in attending to the work of construction, purchasing and paying for the materials and making use of her money for that purpose. And in that agency was the authority to settle with parties who had performed work upon or furnished materials for the buildings and adjust the amount due them from the wife. (*Anderson* v. *Coonley*, 21 Wendell, 279.) This is what the referee found he did with Hobby & Doody. The payment of the amount due them may be treated as within the purpose for which the husband was authorized to raise money upon the mortgage; and if the plaintiff had upon the adjustment of the amount owing to those parties advanced it at the request of the husband as the agent of his wife it would have fairly been within the security contemplated by the execution of the mortgage. But is that the situation presented by the evidence and findings of fact? This inquiry is rendered material by the finding of the referee that the amount then actually due from the plaintiff to Hobby & Doody was only three thousand nine hundred and twenty dollars and seventy-six cents. The plaintiff did not advance the money to pay the debt due to them, but advanced it to obtain an assignment of their claim to himself pursuant to arrangement with the husband. It was not within the scope of authority of the latter as the agent of his wife to adjust the amount due those persons for the purposes of an assignment of their claim to the plaintiff and, therefore, the wife was not estopped from questioning the actual amount due upon it. (*Bickford* v. *Menier*, 107 N. Y. 490.) The plaintiff, having advanced the money not to pay the debt, but to obtain, which it seems he did, an assignment of it, stood in the same relation to Mrs. Collins in respect to the claim as had his assignors

before the transfer to him; and it was subject to the like inquiry by her into the amount due upon it, as if it still had been held by them. The adjustment of it with them by the husband at a specific sum it seems, was erroneously made and was subject to review and correction.

These views lead to the conclusion that the judgment should be reversed and a new trial granted, costs to abide the event, unless the plaintiff stipulate to deduct from the recovery one thousand and seventy-nine $\frac{24}{100}$ dollars and interest, upon the sum so deducted, from April 13, 1888, and in that case the judgment be so modified and as modified affirmed without costs in this court to any party.

All concur.

Judgment accordingly.