COHEN et al. v. MINCOFF.

(Supreme Court, Appellate Term.　December 23, 1904.)

PRINCIPAL AND AGENT—AGENTS—SPECIAL AUTHORITY.

Where defendant stated to plaintiffs, "I give permission to my son to buy goods for $50 on the terms of 30 days on my name, and the bill should be sent to me," the son's authority to purchase was special, and was limited to a single purchase.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Ike Cohen and another against Hyman Mincoff.　From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Max Solomon, for appellant.

Horace London, for respondents.

PER CURIAM.　This action was for goods sold and delivered to the defendant.　The delivery of the goods was made to defendant's son, plaintiff claiming authority in him to purchase for the defendant. The only authority shown by plaintiff upon which to base any charge against the defendant is the testimony of one of the plaintiffs, who swore that he called at defendant's place of business and had a conversation with defendant about selling goods to the son.　Defendant said:

"I give permission to my son to buy goods for $50 on the terms of 30 days on my name, and the bill should be sent to me."

Thereupon plaintiff sold and delivered to defendant's son a bill of goods amounting to $27, which was paid.　About two months afterwards, and without further authority from or communication with defendant, and apparently without his knowledge, plaintiffs again sold and delivered to defendant's son another lot of goods, amounting to $51.25, being the claim in this action, and for which they recovered judgment.

The permission given the plaintiff by the defendant to sell goods to the defendant's son, for which defendant became liable, was a limited one, viz., to the sum of $50 upon 30 days' time.　Under this authority they sold a bill of goods, which was paid.　No subsequent sales were authorized, and as to such subsequent sale the defendant was not shown liable.　"A purchase by a principal personally and on his own credit of goods selected by his agent is no authority for subsequent sales to the agent alone on the principal's credit."　Where the agency is a special and temporary one, the authority must be strictly pursued, and the principal is not bound if the agent exceeds his authority.　Gilbert v. Deshon, 107 N. Y. 324, 14 N. E. 318; 1 Am. & Eng. Ency. of Law (2d Ed.) p. 993.

Judgment reversed.　New trial ordered, with costs to the appellant to abide the event.