COHEN et al. v. MINCOFF.

(Supreme Court, Appellate Term. November 3, 1905.)

TRIAL—QUESTION FOR JURY.

Where there is some evidence to support plaintiff's case on a question of fact, the court should submit the same to the jury in the first instance, though, in case a verdict was returned in favor of plaintiff, he would feel compelled to set it aside as induced by false testimony; and it is therefore improper to dismiss the complaint.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 360.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Ike Cohen and another against Hyman Mincoff. From a Municipal Court judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Horace London, for appellants.
Max Solomon, for respondent.

SCOTT, P. J. A judgment in behalf of the plaintiffs upon a former trial (96 N. Y. Supp. 411) was reversed because the plaintiffs had failed to show that defendant had authorized a sale to his son, who acted in the purchase. Upon the second trial a jury was impaneled, and the plaintiff Cohen varied or elaborated his testimony, so as to supply the deficiency pointed out by the court in reviewing the former judgment. It may be that this revised edition of the testimony was not credible; but it was sufficient to carry the case to the jury, and it was therefore error to dismiss the complaint. If, as a result of submission to the jury, a verdict had been rendered which the justice deemed to have been induced by false testimony, he could have set the verdict aside and ordered a new trial. But in the first instance, since there was some evidence, such as it was, to support plaintiffs' case, the question of fact should have been submitted to the jury.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.